UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBRA M. TALLENT, | ) |
| Plaintiff(s), | ) ) ) |
| v. | ) ) Case No. 4:20-cv-01682-SRC |
| KILOLO KIJAKAZI, Commissioner of Social Security[1], | ) ) ) ) |
| Defendant(s). | ) ) |

**Memorandum and Order**

Debra Tallent requests judicial review, under 42 U.S.C. § 405(g), of the final decision of the Commissioner of Social Security denying her application for disability-insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–34. The Court affirms the Commissioner's decision.

**I.    Procedural history**

In June 2018, Tallent filed a Title II application for disability-insurance benefits. Tr. 15, 192–93. The Social Security Administration initially denied her application, but Tallent asked for a hearing before an ALJ and testified at the hearing. Tr. 91–95, 96–97, 15. After the hearing, the ALJ denied Tallent's application, Tr. 15–24, and the Appeals Council denied Tallent's request for review, Tr. 1–3. As such, the ALJ's opinion stands as the final decision of the Commissioner.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Kilolo Kijakazi for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## II. Decision of the ALJ

The ALJ determined that Tallent has not engaged in substantial gainful activity from her alleged onset date of January 5, 2016. Tr. 17. The ALJ found that Tallent has severe impairments of degenerative disc disease and obesity. Tr. 17. The ALJ found that Tallent does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 17–19.

After considering the entire record, the ALJ determined that Tallent had the residual functional capacity to perform light work with the following limitations: she can only occasionally climb ramps, stairs, ladders, ropes, and scaffolds; can frequently stoop, kneel, crouch, and crawl; and should avoid exposure to vibration. Tr. 20.

The ALJ found Tallent capable of performing past relevant work as a head teller, customer service representative, and teller. Tr. 23. Thus, the ALJ concluded that Tallent was not disabled. Tr. 23. Tallent appeals, arguing a lack of substantial evidence to support the Commissioner's decision.

## III. Legal standard

A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy[.]" *Id.* at § 1382c(a)(3)(B).

The Commissioner follows a five-step sequential process when evaluating whether the claimant has a disability. 20 C.F.R. § 416.920(a)(1). First, the Commissioner considers the claimant's work activity. If the claimant is engaged in substantial gainful activity, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a severe "impairment [that] significantly limits [the] claimant's physical or mental ability to do basic work activities." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *see also* 20 C.F.R. § 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *see also* 20 C.F.R. §§ 416.920(c), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), (d).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the "residual functional capacity" ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(5)(i). An RFC is "defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011); *see also* 20 C.F.R. § 416.945(a)(1). While an RFC must be based "on all relevant

3

evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," an RFC is nonetheless an "administrative assessment"—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ultimately, the claimant is responsible for *providing* evidence relating to his RFC and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 416.945(a)(3) (emphasis added). If, upon the findings of the ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

Fifth, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of production to show the claimant maintains the RFC to perform work that exists in significant numbers in the national economy shifts to the Commissioner. *See Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. *Id.* At Step Five, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant. *Hensley*, 829 F.3d at 932.

If substantial evidence on the record as a whole supports the Commissioner's decision, the Court must affirm the decision. 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is

4

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  "[T]he threshold for such evidentiary sufficiency is not high."  *Id*.  Under this test, the court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016).  The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Id*.  The ALJ will not be "reverse[d] merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 369 (8th Cir. 2016).

**IV.     Discussion**

Tallent argues that the ALJ committed reversible error by failing to fully and fairly develop the record.  Doc. 20 at p. 3.  Tallent contends that the record lacks medical evidence that addresses her physical abilities to function in the workplace or that supports the ALJ's RFC assessment.  *Id*. at p. 4.  Tallent further argues that the ALJ erred by substituting her own inferences from the medical records instead of further developing the record.  *Id*. at p. 6.

"While an ALJ does have a duty to develop the record, this duty is not never-ending and an ALJ is not required to disprove every possible impairment." *McCoy v. Astrue,* 648 F.3d 605, 612 (8th Cir. 2011) (citing *Barrett v. Shalala,* 38 F.3d 1019, 1023 (8th Cir. 1994)).  Additionally, "'reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial.'" *Haley v. Massanari,* 258 F.3d 742, 749 (8th Cir. 2001) (quoting *Shannon v. Chater,* 54 F.3d 484, 488 (8th Cir. 1995)).

5

Here, the ALJ held a nearly forty-minute hearing and, at the time of the ALJ's decision, the record contained over 200 pages of medical evidence, including an opinion from a reviewing physician, a consultative examination, and many other treatment records including medical test results. Tr. 79–89, 361–370, 284–360, 371–523. When the record contains this variety and amount of evidence, the Eighth Circuit has repeatedly found that the ALJ adequately developed the record. *See*, *e.g.*, *Buford v. Colvin*, 824 F.3d 793, 797 (8th Cir. 2016) (ALJ did not fail to adequately develop the record regarding claimant's work-related limitations because record contained medical consultants' assessments as to claimant's work-related limitations); *Haley*, 258 F.3d at 749–50 (8th Cir. 2001) (ALJ did not fail to develop the record when record contained reports from treating and consulting physicians, results from medical tests, disability questionnaires, and transcripts from hearings in which claimant was questioned by his attorney and ALJ). Moreover, as explained in detail below, the ALJ relied on the significant medical evidence in the record regarding Tallent's physical impairments in reaching her RFC determination. Accordingly, the Court concludes that substantial evidence supports the ALJ's RFC determination.

In determining Tallent's RFC, the ALJ acknowledged that since the alleged onset date medical records show Tallent experienced worsening back pain with radiculopathy, tenderness, and limited range of motion. Tallent's physicians treated these issues with medication, muscle relaxers, ice and heat, and steroid injections. Tr. 21. But, as noted by the ALJ, Tallent underwent a consultative examination in August 2018 that showed intact sensation, normal reflexes, full muscle strength, and normal range of motion. Tr. 21. At the consultative exam, Tallent walked unassisted (with a slight antalgic gait) and had no swelling or tenderness in any joints. Tr. 21. An X-ray showed mild degenerative disc disease. Tr. 21. The ALJ also found

6

persuasive the September 2018 administrative medical findings of Dr. Gwartney who opined that Tallent has the residual functional capacity for light work.  Tr. 22.  A few months later in November 2018, an MRI showed some disc bulging in the cervical spine, among other findings.  Tr. 21.  Another MRI in July 2019 showed further degenerative changes, as noted in the ALJ's opinion.  Tr. 22.  However, physical examinations in September 2019 "remained entirely normal" and Tallent's medical providers noted normal coordination and range of motion.  Tr. 22.

To dispute the ALJ's findings, Tallent argues that the ALJ needed to request an opinion from a medical expert that included consideration of the MRIs from 2018 and 2019 to determine Tallent's RFC.  Doc. 20 at p. 7.  Tallent further argues, citing the findings from the November 2018 and July 2019 MRIs, that the ALJ committed legal error in relying on Dr. Gwartney's opinion because he rendered his opinion prior to the MRIs.  *Id*. at pp. 4–6.  These arguments lack merit.

As an initial matter, Tallent simply misstates the law.  "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace."  *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (quoting *Cox v. Astrue,* 495 F.3d 614, 619 (8th Cir. 2007)).  No requirement exists, however, that a specific medical opinion support an RFC finding.  *Id*. at 932 (RFC affirmed without medical opinion evidence); *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) (same); *Perks v. Astrue*, 687 F.3d 1086, 1092–93 (8th Cir. 2012) (same); *see also Twyford v. Comm'r, Soc. Sec. Admin*., 929 F.3d 512, 518 (8th Cir. 2019) (stating that an ALJ's RFC determination need not "be supported by a specific medical opinion"; rather it need only "be supported by some medical evidence of the claimant's ability to function in the workplace" (quoting *Hensley*, 829 F.3d at 932)).  For the reasons explained above, the ALJ cited to a significant amount of medical

7

evidence to support her RFC determination and the Court concludes that substantial evidence supports the ALJ's RFC determination.

Shifting to Tallent's other argument—that the ALJ needed to order an additional expert opinion regarding the two MRIs because Dr. Gwartney rendered his opinion before the MRIs—the circumstances did not require the ALJ to do so. "The ALJ is required to order medical examinations and tests *only if* the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *McCoy*, 648 F.3d at 612 (emphasis added) (citing *Conley v. Bowen,* 781 F.2d 143, 146 (8th Cir. 1986)). Further, "an ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Haley,* 258 F.3d at 749–50 (quoting *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)). Lastly, as previously stated, "reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial." *Id*. at 749 (quoting *Shannon,* 54 F.3d at 488).

Here, the record contains medical records, including records from examining physicians related to Tallent's impairments as well as the administrative medical findings of Dr. Gwartney as to Tallent's work-related limitations. The record also contains treatment notes—including notes from examinations conducted after the two MRIs—in addition to a nearly forty-minute hearing. Moreover, no evidence in the record suggests that Tallent's conservative treatment for her degenerative disc disease changed after the MRIs. *See* 20 C.F.R. § 404.1529(c)(3)(v). Thus, the record contained sufficient information for the ALJ to make an informed decision and, as explained above, substantial evidence supports the ALJ's decision. Under these circumstances, the ALJ did not "simply draw [her] own inferences," Doc. 20 at p. 6, and did not need to seek further expert opinion. *Haley,* 258 F.3d at 749–50.

8

Even if the ALJ should have sought an expert report regarding the two MRIs, Tallent failed to show that the ALJ's failure to obtain such a report prejudiced her.  *Haley*, 258 F.3d at 749 (citing *Shannon*, 54 F.3d at 488).  While Tallent claims that "we can only assume that Dr. Gwartney would have found additional limitations based on some moderate and severe abnormalities in the cervical spine," Doc. 20 at pp. 6–7, the Court declines to make such an assumption given that nothing in the record supports Tallent's characterization of the MRI findings as "severe," *id.*, and Tallent's physical exams "remained entirely normal" months after the MRIs.  Tr. 22.  Thus, Tallent's argument fails on this basis as well.  In sum, the ALJ adequately developed the record and substantial evidence supports the ALJ's determination.

## V.     Conclusion

This Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence.  It does not substitute its own judgment for that of the ALJ.  *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010) (citing *England v. Astrue*, 490 F.3d 1017, 1019 (8th Cir. 2007).  Having found that substantial evidence supports the ALJ's conclusions and that the ALJ applied correct legal standards, this Court affirms the ALJ's decision.

Accordingly, the Court affirms the decision of the Commissioner and dismisses Tallent's [1] Complaint with prejudice.  A separate judgment accompanies this Memorandum and Order.  The Court directs the Clerk of Court to amend the case name and caption to reflect the substitution of Kilolo Kijakazi as Defendant in this suit.

So Ordered this 31st day of January 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE